THOMAS G. FOLEY, JR, Bar No. 065812
JUSTIN P. KARCZAG, Bar No. 223764
FOLEY BEZEK BEHLE & CURTIS, LLP
15 West Carrillo Street
Santa Barbara, California 93101
Telephone (805) 962-9495
Facsimile (805) 965-0722
Email: tfoley@foleybezek.com
       jkarczag@foleybezek.com

RICHARD E. DONAHOO, Bar No. 186957
DONAHOO & ASSOCIATES
440 W. First Street, Ste. 101
Tustin, CA 92780
Telephone (714) 953-1010
Facsimile (714) 953-1777
Email:  rdonahoo@donahoo.com

Attorneys for Petitioner

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. KING, an individual,<br>              Petitioner,<br>     v.<br><br>24 HOUR FITNESS USA, INC., a California corporation dba 24 HOUR FITNESS; SPORT AND FITNESS CLUBS OF AMERICA, INC., a California corporation dba 24 HOUR FITNESS,<br>              Respondents. | Case No.: CV11-06034<br><br>**PETITION TO COMPEL ARBITRATION** |

Petitioner JAMES E. KING, alleges and shows, pursuant to section 4 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), for an Order Compelling Respondents 24 HOUR FITNESS USA, INC. dba 24 HOUR FITNESS and SPORT AND FITNESS CLUBS OF AMERICA, INC. dba 24 HOUR FITNESS to Arbitrate as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this Petition pursuant to 28 U.S.C. §§ 1331 and 1343(3) as the underlying controversy arises under the laws of the United States; the claim sought to be arbitrated arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and seeks an Order Compelling Arbitration pursuant to the FAA 9 U.S.C. § 4. On a Petition to Compel, under the FAA, Courts must apply the "look through" doctrine, and find they have jurisdiction if the underlying dispute arises under Federal Law. *Vaden v. Discovery Bank*, 129 S.Ct. 1261 (2009).

2. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(c) because Respondents have their principal place of business in San Ramon, California, and under the FAA, a Petition to Compel Arbitration is properly brought wherever a civil action could have been brought, and Petitioner was formerly a party to a FLSA civil action against Respondents in this District with the same underlying dispute. This Petition is a successor to an FLSA collective action filed in this Court on February 1, 2006, styled *Beauperthuy et al v. 24 Hour Fitness*, USDC ND Cal No. C 06 0715 (SC) ("*Beauperthuy*"), that was decertified on February 24, 2011 (Doc$^{50}$ 428).

## SUMMARY

3. Petitioner alleges violations of the FLSA based on qualifying positions that Petitioner held with Respondents as a Personal Trainer ("PT") and/or Manager ("Manager"). For PT positions, Respondents required PTs to work off-the-clock performing work (Respondents also miscalculated and failed to pay overtime for recorded hours worked). For Manager positions, Respondents misclassified them as exempt employees, and failed to pay them time and one half for all hours worked over 40. Petitioner demanded arbitration and Respondents refused.

---

[50] All references to "Doc" refer to the document numbers of the Orders filed in *Beauperthuy*; upon filing of this Petition, Petitioner will file a motion to relate this petition to that case.

4. Because Petitioner is a party to an arbitration agreement and Respondents have refused to Arbitrate pursuant to Petitioner's demand, Petitioner is entitled to an Order Compelling Arbitration in this District.

## THE PARTIES

5. Respondents 24 HOUR FITNESS USA, INC., dba 24 HOUR FITNESS and SPORT AND FITNESS CLUBS OF AMERICA, INC., dba 24 HOUR FITNESS are California Corporations with headquarters in San Ramon, California. Respondents did not contest venue or jurisdiction in the Northern District of California in *Beauperthuy*. At all relevant times, Respondents were, and continue to be, an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Respondents employed "employees", including Petitioner, in the United States.

6. Petitioner is an individual and a resident of Tacoma, Washington. Petitioner held the position of Manager and/or PT outside the State of California at some point since December 31, 1998 (Managers) and/or October 29, 1999 (PT). Petitioner regularly worked over 40 hours/week in at least one such position, and was not compensated for all time worked.

7. Petitioner's claims were equitably tolled by the Court in *Beauperthuy*, such that Managers' claims exist as of December 31, 1998 (Doc 124), and PTs' claims exist as of October 29, 1999 (Doc 190). They were further tolled for 30 days after the Court's decertification order (Doc 428) to allow Petitioner to demand arbitration from Respondents, and Petitioner did validly demand arbitration within that time, sending Demands and Claims to Respondents and submitting them to JAMS.

## THE CLAIMS

8. Petitioner's claims are set forth with more particularity in the Demand and Claim filed at JAMS. But in sum, Respondents unlawfully classified Managers as exempt from overtime payments under federal and state laws and/or failed to pay them

for overtime worked, notwithstanding that Managers were nonexempt, entitled to (1) overtime pay for overtime worked and for (2) straight time pay for straight time when overtime was also worked. Respondents unlawfully failed to pay PTs (1) overtime pay for overtime hours worked and (2) straight time pay in weeks in which overtime was also worked. This is because the FLSA requires each covered employer to compensate each of its nonexempt employees at a rate of not less than one and one half the regular rate of pay for work performed in excess of forty (40) hours in a week, including their regular rate for all hours under 40 in those weeks in which 40 hours is worked. In addition, Respondents failed to record/maintain time records of hours worked as required by law.

9. Respondents' practices violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq. Petitioner's Demand is for overtime and applicable straight time compensation, liquidated damages and/or interest and attorneys' fees and costs.

10. Respondents' acts were in accordance with, and represent the official policies of Respondents, or those whose edicts or acts may fairly be said to represent official policies. Respondents willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized, or otherwise participated in the unlawful acts complained of herein. Respondents' acts were "willful" under the FLSA.

## PETITIONER IS ENTITLED TO AN ORDER
## COMPELLING RESPONDENTS TO ARBITRATE IN THIS DISTRICT

11. Petitioner is subject to an arbitration agreement with Respondents that does not contain a venue provision. A true and correct copy of the agreement is attached hereto as Exhibit A.

12. Petitioner has timely demanded that Respondents arbitrate Petitioner's claims and Respondents have refused to arbitrate in this District pursuant to Petitioner's demand, and instead say that they will arbitrate only in another state. Petitioner has substantially complied with the applicable arbitration provision.

13. This issue has already been briefed and decided by the Court in the collective action matter. Doc 457. In sum, under section 4 of the FAA, which governs petitions to compel arbitration, "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction…of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4 ("Section 4"). Upon such a showing that a party has failed to comply with a valid arbitration agreement, the Court <u>must</u> issue an order compelling arbitration in the district in which the petition was filed. *Cohen v. Wedbush, Noble Cooke, Inc.*, 841 F.2d 282, 285 (9th Cir. 1988). Refusal to arbitrate in a district where a Petition is filed when the arbitration agreement does not contain a venue provision constitutes a refusal to arbitrate. Doc 457 p 6-9 citing *Bauhinia Corp. v. China Nat. Machinery*, 819 F.2d 247, 250 (9th Cir. 1989), *Capitol Converting Co. v. Officine Curioni*, No. C 10439, 1989 U.S. Dist. LEXIS 13904, at *5 (N.D. Ill. Nov. 9, 1989) (citing *Bauhinian*), and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23 (1983).

## PRAYER

As a consequence, Petitioner prays as follows:

For the Court to issue an Order Compelling Respondents to Arbitrate with Petitioner in this District.

Respectfully Submitted,

Dated: December 5, 2011

**DONAHOO & ASSOCIATES**

**FOLEY BEZEK BEHLE & CURTIS, LLP**

By: _____
Justin P. Karczag
Thomas G. Foley, Jr.
Richard E. Donahoo
Attorneys for Petitioner

# EXHIBIT A

# EXHIBIT A

## ARBITRATION OF DISPUTES

As an expeditious and economical way to settle employment disputes without the need to go through the courts, 24 Hour Fitness agrees and requires its employees to submit such disputes to final and binding arbitration.

## NATURE OF DISPUTE

If any dispute arises from or relates to your employment with 24 Hour Fitness or the termination of your employment, you and 24 Hour Fitness agree that you both will submit it exclusively to final arbitration. Except for workers' compensation and unemployment insurance claims, the dispute included every kind or type of dispute including, without limitation, any allegation of wrongful discharge, discrimination, harassment, unfair competition, or any injury to a party's physical, mental or economic interest. Unless controlling legal authority requires otherwise, there shall be no right or authority for any dispute to be heard or arbitrated on a class action basis, as a private attorney general, or on a basis involving disputes brought in a purported representative capacity on behalf of the general public, provided, however, that any individual claim is subject to this agreement to arbitrate. This means that a neutral arbitrator, rather than a court or jury, will decide the dispute.

## CONTROLLING LAW

We agree to settle the dispute according to the provisions of the Federal Arbitration Act, 9 U.S.C. sections 1 - 16. All disputes will be resolved by a single Arbitrator. The Arbitrator shall be selected by mutual agreement of the parties.

## REQUEST FOR ARBITRATION

To start the arbitration process, either party must submit a written arbitration request to the other, within the appropriate statute of limitation period for the claim being brought. The arbitrator may continue in a party's absence if, after due notice, that party fails to appear. Any failure to request arbitration in this time frame and according to the procedures set forth below shall constitute a waiver of all rights to raise any claims in any forum arising out of any dispute that was subject to arbitration.

A Request for Arbitration must be submitted in writing to the other party. The Request for Arbitration shall include the following information:

1. Description of the Dispute: A description of the dispute in sufficient detail to advise the other party of the nature of the dispute. It must include the date when the dispute first arose;

24 Hour Fitness Employee Handbook -       16
Update 12/2001

2. **Names of Witnesses:** The names, work locations and telephone numbers of any co-workers or supervisors with knowledge of the dispute; and

3. **Relief Requested:** Tell the other party what is requested.

Either party may have a lawyer or any person represent it in the arbitration proceedings. However, each party must pay for any expenses, including lawyer's fees, associated with hiring his, her or its lawyer or other representative. Subject to any remedies to which a prevailing party may be entitled under the law, neither party is responsible for the other's lawyer's fees or any expenses incurred pursuing arbitration

### Costs of Arbitration

If required by controlling law, 24 Hour Fitness will pay the fee for the arbitration proceeding. Otherwise, each party will equally bear the costs of arbitration.

LOS_ANGELES:164973.1 034070.1190